UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:19-cv-1024-DAD-HBK |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. No. 26) |
| S. SAVOIE, Correctional Officer, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for court order filed July 15, 2021. (Doc. No. 26, "Motion"). Plaintiff states he currently is confined at Kern Valley State Prison ("KVSP") for an "out to court proceeding" in his one paragraph Motion. (*Id*.). Plaintiff requests the Court to: (1) issue an order directing Officer Chandler at Pelican Bay State Prison to send Plaintiff's "personal property and legal paperwork" to him so he may litigate an unrelated case; and (2) issue an order directing Officer Wagner at KVSP to "release one box of legal paperwork" previously sent to him Officer Chandler.

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). On June 25, 2021, the Court granted plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 25). The Court has not yet screened Plaintiff's Complaint under 28 U.S.C. § 1915A. (*See* docket).

Plaintiff's Motion requesting the Court to order correctional officials at two different

institutions to provide him his personal and/or legal property is denied.  Plaintiff's property is being held by state officials, not a federal official, and therefore the Court cannot mandate a state official to take the requested action, even if proper.  *See Demons v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (mandamus relief to compel a state court or official to take or refrain from some action is frivolous as matter of law).  Further, "federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."  *Meachum v. Fano*, 427 U.S. 215, 229 (1976); s*ee also Missouri v. Jenkins*, 495 U.S. 33, 51 (1990); *Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973).  Finally, authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Admittedly, inmates retain a fundamental interest to access the courts under the First Amendment.  *Lewis v. Casey,* 518 U.S. 343, 346 (1996).  To the extent Plaintiff requires his legal materials to litigate active habeas corpus, criminal appeals, or civil rights actions, he should avail himself of the procedures established by the respective prisons to obtain his personal and legal materials.  Here, Plaintiff is not under a court ordered deadline in this case.  (*See* docket).

Accordingly, it is ORDERED:

Plaintiff's Motion for Court Order (Doc. No. 26) is denied.

Dated:  July 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE