UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>S. SAVOIE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-01024-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 34)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is the first amended pro se civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Guillermo Trujillo Cruz—a prisoner. (Doc. No. 34, "FAC"). For the reasons set forth below, the undersigned recommends the district court dismiss the FAC because it fails to state a claim.

**SCREENING REQUIREMENT**

Plaintiff commenced this action while in prison and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Finally, the Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  Unrelated claims must be filed in separate lawsuits.

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro*

*se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## SUMMARY OF OPERATIVE PLEADING

Plaintiff initiated this action by filing a complaint. (Doc. No. 1). The undersigned screened Plaintiff's initial complaint and found that he failed to state any claim. (Doc. No. 32). Plaintiff timely filed a FAC (Doc. No. 34).

Plaintiff's FAC is 146 pages, including 139 pages of exhibits. While incarcerated at Kern Valley State Prison ("KVSP"), Plaintiff states he was subject to a false Rule Violation Report of "overfamiliarity with staff" filed on April 27, 2016 by Correctional Officer S. Savoie, who was retaliating against Plaintiff for filing his own sexual harassment grievance against her that same month. (Doc. No. 34 at 3-4). Nearly three years later, on February 6, 2019, Plaintiff was transferred from Pelican Bay State Prison ("PBSP") to North Kern State Prison ("NKSP") for "out to court proceedings." (*Id*. at 2). Plaintiff asserts the transfer was pretextual and part of a conspiracy to have Plaintiff "assaulted of a battery in 'retaliation' [for filing a grievance against Savoie]." (*Id*. at 2). Plaintiff states that he learned of this conspiracy from transportation officers at PBSP, who advised him that Defendant Savoie conspired with unspecified coworkers at KVSP and release and receiving officers at PBSP to arrange the transfer and then have him assaulted in retaliation for his earlier grievance. (*Id*.).

Four months after the transfer, on June 27, 2019, Plaintiff was beaten by two "anonymous resources" near the basketball court while out on the Facility B recreation yard, an attack that Plaintiff claims "was precipitated by the false fabricated rules violation report authored by S. Savoie, on April 27, 2016 . . . ." (*Id*. at 3). The unnamed assailants punched Plaintiff with their fists, and after he fell to the ground to protect himself "[t]he attackers continue[d] to punch . . . . and kick [Plaintiff] while on the ground." (*Id*. at 4). Plaintiff suffered swelling, redness, and

3

1  bruising to his left ear, redness and bruising to the front and back of the left shoulder and a
2  swollen area to the back of the left shoulder." (*Id.*).

3  Plaintiff alleges that Savoie violated his constitutional rights by using excessive force, by
4  failing to protect him from assaults by the NKSP inmates, and by filing a false RVR against
5  Plaintiff and not arranging a new hearing where he could be exonerated of the grievance or
6  "sponging [sic]" the grievance from prison records. (*Id.* at 5-6).

7  As relief, Plaintiff seeks a declaration that his constitutional rights were violated, an
8  injunction "ordering defendant s. savoie, to cease the physical punishment behind the false
9  fabricated rule violation report (R.V.R.) dated April 27, 2016[,]" compensatory damages of
10 $250,000, punitive damages of $250,000, a jury trial, recovery of costs, and any additional relief
11 the court deems just and proper. (Id. at 7).

**APPLICABLE LAW AND ANALYSIS**

**A. Rule 8**

Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 U.S. Dist. LEXIS 251321, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674. Under Rule 8, allegations of facts that are

extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provides too much information). As an initial matter, and as further detailed below, Plaintiff's FAC fails to comply with Rule 8 due to its failure to state short and plain statements.

As stated *supra*, the FAC is 146 pages of which 139 pages are exhibits. The attachment of excessive and unnecessary exhibits may be grounds for dismissal. *WebQuest.com, Inc. v. Hayward Industries, Inc.*, Case No. 1:10-cv-00306-OWW-JLT, 2010 WL 4630230 (E.D. Cal. Nov. 8, 2010) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (noting the district court did not abuse discretion in dismissing complaint that included over 70 pages of exhibits relying on Fed. R. Civ. P. 8). Although documentary evidence may be incorporated into a pleading under Rule 10, exhibits containing largely evidentiary material typically do not fall under Rule 10. *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Further, "it is not the responsibility of the Court to scour through a set of voluminous documents attached to [a] complaint and articulate a case for [the plaintiff]." *See North v. Mirra*, Case No. C13-6090-BHS, 2014 WL 345303 * 2 (W.D. Wash. Jan. 30, 2014); *see also Fairfield v. Khoo*, 1:19-cv-00632-DAD-HBK, 2021 WL 1178261, *1-*2 (E.D. Cal. March 29, 2021) (granting motion to strike unrelated exhibits in response to motion for summary judgment).

The Court will therefore screen Plaintiff's seven-page FAC but is not required to review the voluminous attached exhibits. The Court makes only limited reference to those materials in evaluating Plaintiff's claims.

**B. Duplicative Claims**

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2;

*Bailey*, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Id.* at 688 (internal quotations and citations omitted).  If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice.  *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgel,* 553 U.S. 880, 128 S.Ct. 2161) (2008).

Plaintiff previously filed a 42 U.S.C. § 1983 complaint in this Court against Defendant Savoie, alleging that she sexually harassed him on multiple occasions, and that after he filed a grievance against her, Savoie filed a false RVR against him alleging overfamiliarity with staff.  *See* Am. Compl. filed May 21, 2018, Doc. No. 11 at 3-4, in E.D. Cal. Civil Case No. 17cv1474-DAD-BAM.  The amended complaint in that case contains some additional allegations against Savoie, but otherwise mirrors the same dates and details as in the present Complaint.  (*Id*. at 3-5).  The remedies sought in both cases are largely the same—injunctive relief against Defendant Savoie, compensatory and punitive damages, jury trial, and cost of suit.  (*Id*. at 6).  In comparing the two matters, it appears Plaintiff is repeating claims that were previously litigated; such claims may be considered abusive and dismissed under § 1915.  *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.  Accordingly, Plaintiff's retaliation claim against Defendant Savoie is barred as duplicative.

**C.  Excessive Force**

Prison officials who use excessive force against inmates violate the inmate's Eight Amendment right to be free from cruel and unusual punishment.  *Farmer v. Brennan*, 511 U.S.

825, 832 (1994); Clement v. Gomez, 298 F.3d 898, 903 (9th Cir., 2002). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate . . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Plaintiff claims Defendant Savoie "has use [sic] and continues excessive force against Plaintiff, Mr. Trujillo, by being attack with beaten's [sic] and stabbing's [sic] when I plaintiff, has not violated any prison rules, and not acting disruptively in any way." (Doc. No. 34 at 5). There are no facts indicating that Defendant Savoie used any force on Plaintiff, much less excessive force in violation of the Eighth Amendment. Liberally construed, Plaintiff appears to imply that Defendant used excessive force by authoring a false RVR that later was the "trigger" for the assault on Plaintiff at NKSP three years later, and possibly others. (*Id*. at 3-4). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Plaintiff describes an assault committed by two "anonymous resources" at a different CDCR facility than the one where Defendant works. Other than Plaintiff's suspicion, there are no facts from which the Court can infer a causal connection between Defendant Savoie's action in

7

1  authoring a RVR on April 27, 2016, and the altercation that occurred on June 27, 2019, over three
2  years later, at a different institution. Indeed, the FAC does not identify *who* attacked Plaintiff.
3  Nor does the FAC contain any facts that Defendant Savoie had any reason to believe the issuance
4  of her RVR in April 2016 would result in a future attack on Plaintiff, yet alone an attack in June
5  2019 at a different institution. Therefore, the FAC fails to state an Eighth Amendment excessive
6  force claim against Defendant Savoie.

**D. Failure to Protect**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556, 558 (internal quotation marks and citation omitted), cert. denied, 488 U.S. 823 (1988); *see also Wilson v. Seiter,* 501 U.S. 294, 303 (describing "the protection [an inmate] is afforded against other inmates" as a "conditio[n] of confinement" subject to the strictures of the Eighth Amendment). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson,* 501 U.S., at 298. Second, a prison official must have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety, *Wilson,* 501 U.S. at 302–303; see also *Helling v. McKinney,* 509 U.S. 25, 34–35; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Plaintiff asserts that Defendant Savoie "has failed to protect me from assault's [sic] at the hand's [sic] of other inmates," for which she is responsible because they were prompted by her filing the false RVR in April 2016. (Doc. No. 34 at 4-5). Again, the Complaint is devoid of facts supporting Plaintiff's conclusory allegations. There are no facts indicating that Defendant knew about the June 27, 2019 assault at NKSP, nor that she was in a position to protect Plaintiff from it. *See Haggerty v. Lynch*, 2022 WL 4473388, at *2 (E.D. Cal. Sept. 26, 2022) (Finding no failure to protect because "there are no facts demonstrating that either defendant was aware that the other officers were going to stage a fight between plaintiff and the other inmate or that they were

8

present and delayed their response."). It is uncontested that Defendant works at KVSP, not NKSP where the assault occurred. The Complaint therefore lacks any facts showing that Defendant knew of and was deliberately indifferent to a serious risk to Plaintiff in violation of the Eighth Amendment. *See*, *e.g.*, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1080 (9th Cir. 2013) (finding summary judgment for correctional officer on a failure to protect claim because she staffed a different building at the facility than where the incident occurred).

In fact, an exhibit attached to the FAC contradicts Plaintiff's claim that Defendant had knowledge of, condoned, or planned the June 27, 2019 assault. In a report documenting the incident prepared by a Correctional Sergeant Huerta, the two other inmates involved were identified as FNU Fernandez and FNU Gutierrez. (Doc. No. 34 at 46). According to the report, Plaintiff "insisted [the assault] was a mutual misunderstanding, and stated he had no safety concerns and could safely program on NKSP Facility 'B' housing without incident and requested to remain on NKSP Facility 'B.' Furthermore inmate Truillo [sic] does not consider inmates Fernandez [and] Gutierrez enemies." (*Id*.). The officer who prepared the report also interviewed inmates Fernandez and Gutierrez, who confirmed the incident was based on a misunderstanding and that "inmate Truillo [sic] was not considered an enemy to either of them." (*Id*.). This report suggests the incident was the result of an ordinary prison yard disagreement, rather than an attack planned in coordination with Defendant, and from which she failed to protect Plaintiff.[2]

Because the FAC contradicts Plaintiff's statement to Sergeant Huerta that Defendant Savoir knew of and/or orchestrated the attack or otherwise failed to protect him, The FAC fails to state an Eighth Amendment failure to protect claim.

////

////

---

[2] The Court may disregard allegations contradicted by facts established in exhibits to the Complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2011) (a plaintiff may plead himself out of a claim by including . . . details contrary to his claims); *see also Cooper v. Yates*, No. 1:09-cv-85-AWI-MJS, 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (courts may disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint). Plaintiff has not stated a claim that he was denied access to the law library.

**D. False Rule Violation Report**

The filing of a false disciplinary report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("[D]istrict courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010). Thus, even assuming that the disciplinary report filed by Defendant Savoie against Plaintiff was false, it does not state a standalone constitutional claim. *Canovas v. California Dept. of Corrections*, 2014 WL 5699750, n.2 (E.D. Cal. 2014). Accordingly Plaintiff fails to state a due process claim against Defendant Savoie.

**E. Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage. *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id.* To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id.* A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856–57.

Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Although an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be

10

shown," *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir.1989), "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1302 (9th Cir.1999). Thus, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id.* at 1301.

Here, Plaintiff's FAC is devoid of facts alleging either direct or circumstantial evidence of an agreement or meeting of minds between Savoie and any other individuals to commit harm against Plaintiff. Plaintiff does not name a single individual with whom Savoie allegedly conspired nor describe any evidence of an alleged agreement. He claims to have learned of a conspiracy between Savoie, unspecified KVSP coworkers, and unspecified release and receiving officers at PBSP. (Doc. No. 34 at 2). This conclusion is based on statements of unnamed transportation officers at PBSP and is devoid of any further factual enhancement. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.

Furthermore, as noted above, the report documenting the June 27, 2019 incident indicates that all parties involved described it as a "mutual misunderstanding" and Plaintiff admitted he did not have any ongoing concern about his safety due to inmates Fernandez and Gutierrez. (Doc. No. 34 at 46). This report therefore contradicts Plaintiff's claim that the assault was the result of a conspiracy and that he continues to fear reprisals from Defendant Savoie and her associates; instead, it suggests that the June 27, 2019 incident was the result of an ordinary prison yard disagreement. Because the FAC is devoid of facts establishing the elements of a conspiracy among Savoie and various prison officials, this allegation fails to state a claim.

## FINDINGS AND RECOMMENDATIONS

Based on the above the undersigned finds Plaintiff's FAC fails to state a cognizable claim against Defendant Savoie. Despite the undersigned's warnings in the December 2, 2022

11

screening order, Plaintiff failed to cure any of the identified deficiencies but instead filed a FAC that is very similar to his initial complaint. The undersigned warned Plaintiff that his complaint lacked facts sufficient to sustain his claims. (*See* Doc. No. 32 at 5-7). Despite guidance from the Court, Plaintiff still was unable to state claims for excessive force, failure to protect, or conspiracy. Plaintiff was likewise advised that the filing of a false disciplinary report against a prisoner is not a per se constitutional violation. (*Id*. at 5). However, Plaintiff ignored the Court's explanation and still tried to allege the same due process claim. Plaintiff's continued filing of the same claims demonstrates that he cannot cure the deficiencies identified above with a second amended complaint and is evidence of bad faith. Thus, the undersigned recommends the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The FAC be dismissed under § 1915A for failure to state a claim.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  April 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE