UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>S. SAVOIE,<br><br>Defendant. | Case No. 1:19-cv-01024-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 38)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 39) |

Pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. No. 38) and Motion for Extension of Time (Doc. No. 39). For the reasons set forth below, the court denies Plaintiff's Motion for Appointment of Counsel and grants Plaintiff's Motion for Extension of Time.

**I.    BACKGROUND**

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights complaint, alleging various claims against Defendant S. Savoie under 42 U.S.C. § 1983. (Doc. Nos. 25, 34). The court screened Cruz's initial complaint and determined the complaint failed to state a cognizable claim. (*See generally* Doc. No. 32). Plaintiff timely filed a first amended complaint. (Doc. No. 34, "FAC"). The undersigned screened the FAC, found that

1

it failed to state a cognizable claim against Defendant Savoie, and recommended the District Court dismiss the case. (Doc. No. 36 at 11-12). Plaintiff was given 14 days from April 14, 2023 to file objections or request an extension of time. (*Id*. at 12). On April 26, 2023, Cruz timely filed a motion for a 35-day extension of time to file objections to the findings and recommendations; he signed the motion on April 18, 2023. (Doc. No. 39 at 1).

On April 25, 2023, Cruz also filed a Motion to Amend the Complaint (Doc. No. 37) and a Motion for Appointment of Counsel (Doc. No. 38). The Motion to Amend will be addressed by separate order.

## II.   ANALYSIS

### A.   Appointment of Counsel

Plaintiff seeks appointment of counsel because he is indigent, does not have family who can help pay for counsel, and claims he was not permitted to proceed *in forma pauperis* (IFP) due to his status as a three striker. (Doc. No. 38 at 1). Additionally, his "imprisonment has greatly limited [his] ability to litigate[,] investigate the fact's [sic] . . . [or] identify, locate, and interview (witnesses)." (*Id*.). He claims that testimony from various as-yet unidentified witnesses will be necessary to present his case. (*Id*. at 1-2). The Court notes, as an initial matter, that Plaintiff is incorrect when he states that he was denied *in forma pauperis* status; while the prior magistrate judge initially denied Plaintiff's Application for IFP, (Doc. No. 3), the undersigned later granted IFP on June 25, 2021. (Doc. No. 25)

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not

1 limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). Here, Plaintiff seeks counsel primarily because he is indigent and is impaired in litigating his case because he is incarcerated. The circumstances cited by Plaintiff are common to virtually all pro se prisoner litigants and do not constitute exceptional circumstances. Further, given that the undersigned has recommended dismissal of his case due to its underlying deficiencies, Plaintiff's low likelihood of success on the merits further warrants against granting counsel at this late stage of the proceedings.

## B. Extension of Time

Plaintiff seeks an extension of time to file objections to the findings and recommendations issued by the undersigned on April 14, 2023. He states, "the reason for this request is to properly obtain a photocopy of original complaint . . . to obtain facts, dates, and exhibits to adequately file objections." (Doc. No 39 at 1).

In light of Plaintiff's request being timely filed, the relatively short extension requested, and this being only his third extension request in this matter, the Court will grant it. Under the prison mailbox rule, his request is granted as of the date he signed the request (April 18, 2023). *See, e.g., Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir. 2002); *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001). Thus, he must deliver his objections to correctional officials by May 23, 2023.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to appoint counsel (Doc. No. 38) is DENIED.

2. Plaintiff's motion for extension of time (Doc. No. 39) is GRANTED to the extent Plaintiff must deliver his objections to correctional officials for mailing no later than May 23, 2023.

Dated:   May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE