UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>S. SAVOIE,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-01024-ADA-HBK (PC)<br><br>ORDER DENYING REQUEST FOR COPIES<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>FOURTEEN DAY OBJECTION PERIOD<br><br>(Doc. No. 37) |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint, filed on April 25, 2023. (Doc. No. 37, "Motion to Amend"). Also pending is a Request for Copies included within the Motion to Amend. (*Id*. at 1). For the reasons stated below, the undersigned denied Plaintiff's motion for copies and recommends the motion to amend be denied.

**BACKGROUND**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis on his First Amended Complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 25, 34). The undersigned had originally screened Plaintiff's complaint and found that it failed to state a claim. (Doc. No. 32). Plaintiff timely filed a first amended complaint. (Doc. No. 34, "FAC"). On April 14, 2023, the undersigned issued findings and recommendations, finding that the FAC failed to state any claim,

and recommended that the District Judge dismiss the case. (Doc. No. 36). Plaintiff was given 14 days to file objections. In addition to seeking an extension of tile to file objections, Plaintiff filed the present Motion for Leave to Amend. (Doc. Nos. 37, 38). The undersigned granted Plaintiff an extension of time to file objections by separate order. (Doc. No. 40).

## APPLICABLE LAW AND ANALYSIS

### 1. Request for Copies

Plaintiff seeks permission to "amend the original complaint" and requests a "photo copy of original complaint with all exhibit's [sic] attached to properly and adequately make correction's [sic] and add new defendant's." (Doc. No. 37 at 1).

Plaintiff's request for copies should be directed to the clerk's office. Plaintiff is advised that "proceeding *in forma pauperis* does not entitle a party to the waiver of anything other than court filing fees." *Martin v. McNut*, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011). Nor does plaintiff's pro se or prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 n.2 (E.D. Cal. Apr. 25, 2018). Consistent with statute, the court will provide copies of documents and the docket sheet at $0.50 per page. *See* 28 U.S.C. § 1914. Checks in the exact amount are payable to "Clerk, USDC." The original complaint is 13 pages in length. There are no exhibits attached to the complaint. Thus, to the extent Plaintiff wishes to obtain a copy of the original complaint, he should forward a check in the amount of $6.50 to the Clerk with his request for the same.

### 2. Motion to Amend

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend generally is inappropriate where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained. *Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983).

Given that Plaintiff already filed a FAC, the undersigned construes Plaintiff as requesting

to file a second amended complaint ("SAC").  Plaintiff does not provide a copy of his proposed second amended complaint and does not provide any explanation as to how his proposed amendments would cure the deficiencies of either his original complaint or his FAC.  He states only that he would "make corrections and add defendants."  (*Id*.).

In recommending dismissal of his case, the undersigned found that his retaliation claim against Defendant Savoie was barred as duplicative.  (Doc. No. 35 at 5-6).  The undersigned found that Plaintiff's excessive force and failure to protect claims against Defendant likewise failed.  He asserted that Defendant, a Correctional Officer at Kern Valley State Prison, caused Plaintiff's altercation with two individuals at North Kern State Prison in June 2019 by filing a false "overfamiliarity with staff" rule violation report ("RVR") against him in April 2016, nearly three years earlier.  (*Id*. at 7-9).  In addition to being implausible and unsupported by any facts in the record, this claim was also contradicted by Plaintiff's own exhibits.  (*Id*.).  The undersigned likewise found that Plaintiff's due process claim, based on Defendant filing a false RVR, failed as a matter of law, and that he failed to plead any facts to support his conspiracy claim.  (*Id*. at 10).  Absent an explanation from Plaintiff that amending could remedy these serious deficiencies, the undersigned finds it would be futile and a waste of judicial resources to permit Plaintiff to amend the FAC at this stage.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").  Because Plaintiff has not articulated why amending the complaint would remedy the deficiencies of his two prior filings, nor attached a proposed amended complaint permitting the Court to evaluate the viability of his amendments, the undersigned recommends denying Plaintiff's Motion to Amend.  *See Wolgin*, 722 F.2d at 394-95.

Accordingly, it is **ORDERED**:

1. Plaintiff's request for copies is DENIED.  (Doc. No. 37).

It is further **RECOMMENDED**:

2. The district court deny Plaintiff's Motion to Amend.  (Doc. No. 37).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE